IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAMONA Y. ROBERSON                                  PLAINTIFF

vs.                          Civil No. 1:09-cv-01055

MICHAEL J. ASTRUE                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ramona Y. Roberson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for DIB on March 18, 2005. (Tr. 16, 27). Plaintiff alleged she was disabled due to headaches, neck pain, shoulder pain, pain in her hands, lower back pain, face pain, and constant fatigue. (Tr. 91). Plaintiff alleged an onset date of February 27, 2005. (Tr. 16, 27). This application was denied initially and again on reconsideration. (Tr. 25-26). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 37).

Plaintiff's administrative hearings were held on November 9, 2006 and April 9, 2007 in El Dorado, Arkansas.[2] (Tr. 458-504). Plaintiff was present and was represented by counsel, Denver Thornton, at both hearings. *Id.* Plaintiff and a Vocational Expert ("VE") testified at both hearings. *Id.* At the time of the initial hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained her high school diploma. (Tr. 487).

On September 12, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 16-24). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on September 30, 2010. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not been engaged in Substantial Gainful Activity ("SGA") since February 27, 2005, her alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had a number of severe impairments, including degenerative disc disease of the cervical, thoracic, and lumbosacral spine; thoracolumbar scoliosis and spina bifida; hypermobility joint syndrome; left malocclusion; frequent headaches; shoulder problems; fibromyalgia; hypertension; interstitial cystitis; and obesity. (Tr. 18-20, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-23, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her

---

[2] It appears two administrative hearings were held to further develop the record on Plaintiff's impairments. (Tr. 458-481).

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a narrowed range of light to sedentary work.[3]

(Tr. 20-23, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-23, Finding 5). The ALJ determined Plaintiff's PRW included work as a receptionist (sedentary, semiskilled) and as a data processor (light, semiskilled). (Tr. 22). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.* The ALJ also found, however, that considering her RFC, age, education, and work experience, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). It appears the ALJ based this finding upon the testimony of the VE, but the opinion is unclear on this point. (Tr. 22-23). The ALJ may also have based this finding upon the Medical-Vocational Guidelines or the "Grids."[4] *Id.*

Specifically, the VE testified that, given all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of a representative occupation such as a surveillance system monitor (unskilled, sedentary) with 2,000 such jobs in Arkansas and 252,000 such jobs in the nation. (Tr. 23). The ALJ then found Plaintiff had not been under a disability, as defined by the Act, at any time from February 27, 2005, her alleged onset date, through the date of

---

[3] The ALJ never explicitly stated in his opinion what this "narrowed range" was. (Tr. 20-23, Finding 4). However, it appears from his opinion that he actually found she retained the RFC for "light" work. (Tr. 22). Such work includes "sitting for a maximum of six hours in an eight hour work period; walking and standing for no more than six hours in an eight hour work period; and lifting and carrying objects weighing no more than 20 pounds, on an occasional basis . . . [with] no limitations in her abilities to see, hear, or speak." (Tr. 22).

[4] Even though the ALJ's finding on this issue is not entirely clear, because this case must be otherwise remanded for an evaluation of *Polaski*, this Court will presume the ALJ based this finding upon the testimony of the VE.

3

his decision or through September 12, 2007. (Tr. 23-24, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 12). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 5-7). On December 14, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 14, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred by failing to consider the combined impact of her impairments; (2) the ALJ posed an improper hypothetical to the VE; (3) the ALJ improperly evaluated her subjective complaints; and (4) the ALJ improperly evaluated her

5

obesity. ECF No. 7 at 5-12. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address the third issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ did not evaluate Plaintiff's medical records, did not evaluate her subjective complaints, and did not provide any inconsistencies between her subjective complaints and the record. (Tr. 21). Instead of evaluating the *Polaski* factors, the medical records, and noting inconsistencies between the record and her testimony, the ALJ merely *recited* that he had complied with *Polaski*:

> The proper specific tests for evaluating the credibility of subjective complaints were set forth in Social Security Ruling 96-7p, 96-8p, and regulation 20 CFR 416.929. The undersigned has considered all the factors, the regulations, and Social Security Rulings 96-7p and 96-8p in evaluating the claimant's subjective complaints and finds that her statements and testimony showed that she had self imposed limitations in her activities of daily living. The administrative law judge concedes that the degree of limitation caused by particular stimuli such as pain, inability to concentrate, and memory loss is exceptionally difficult to measure or prove, and the degree of pain produced is perceived differently from individual to individual. Many pain behaviors, however, are at least partially under the conscious control of the individual and, in the instant case, the administrative law judge finds that claimant has certainly enhanced the extent of her functional loss.

(Tr. 21). Thus, because the ALJ did not perform a proper *Polaski* analysis, this case must be reversed and remanded. Further, on remand, the ALJ should ensure all the inconsistencies in his opinion are clarified. Specifically, based upon his opinion, his determinations regarding both Plaintiff's RFC and Plaintiff's ability to perform other work are unclear. Indeed, the ALJ did not

even state whether he was relying upon the Grids or the testimony of the VE in determining Plaintiff was disabled. Further, even more troubling, the ALJ provides only a very brief and cursory summary of some of the important medical records in this case. (Tr. 18-20). Such a summary is not sufficient, and, on remand, the ALJ should provide further analysis of the medical records in this case.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE